185   347
s185  319

# Alexander Shannon, by his Father and Next Friend, Dennis Shannon, Appellant, *v.* The City of Philadelphia.

*Negligence—Municipalities—Obstruction in street—Infant.*

A boy ten years of age is not entitled to recover damages from a municipality for personal injuries, where it appears that at the time of the accident he was running along side of a slowly moving train of cars with his hand on one of the cars, and that he stumbled over two Belgian blocks which had been placed in the middle of a street crossing by the railroad company's employees for the purpose of holding safety gates in place when opened.

Argued March 23, 1898. Appeal, No. 390, Jan. T., 1897, by plaintiff, from order of C. P. No. 3, Phila. Co., June T., 1895, No. 471, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for personal injuries.

At the trial it appeared that plaintiff, a boy ten years old, was injured on March 30, 1895, at the intersection of Seventeenth street and Pennsylvania avenue, in the city of Philadelphia. At the point of the accident Pennsylvania avenue is occupied by the tracks of the Philadelphia & Reading Railroad. The watchman of the railroad company had placed between the first and second tracks of the railroad at the Seventeenth street crossing two Belgian blocks, for the purpose of holding the safety gates in place when opened. Just before the accident plaintiff was playing below the corner of Seventeenth street when a slowly moving train of gondola cars passed, and plaintiff saw a boy riding on one of the cars. The boy called to plaintiff who ran over towards him, touched the car with his hand, ran along with the car and, as he crossed Seventeenth street, fell over the blocks, and his hand was crushed under the wheels of the car.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*H. Homer Dalbey*, with him *Louis Brégy*, for appellant.—
The city was negligent: Chilton v. Carbondale, 160 Pa. 463;
Greenwood v. R. R., 4 Del. Co. Rep. 459; McNerney v. Read-
ing City, 150 Pa. 611; Scott v. Hunter, 46 Pa. 192; McGrew v.
Stone, 53 Pa. 436; Monongahela City v. Fischer, 111 Pa. 9.

The plaintiff, Alexander Shannon, could not be held guilty
of contributory negligence, as matter of law: Strawbridge v.
Bradford, 128 Pa. 200; Layer v. R. R., 112 Pa. 414; Wharton
on Negligence, sec. 303; Boudrou v. Ry. Co., 92 Pa. 475.

The obstruction in the highway was the proximate cause of
the injury: Graver v. Plymouth Twp., 125 Pa. 24; Warner v.
Holyoke, 112 Mass. 362; Burrell Twp. v. Uncapher, 117 Pa.
353; Hey v. City, 81 Pa. 44.

*Leonard Finletter*, assistant city solicitor, and *John L. Kinsey*,
city solicitor, for appellee.—There was no negligence on the
part of the city: Ford v. School Dist., 121 Pa. 543; Allegheny
v. Zimmerman, 95 Pa. 287; R. R. v. Kerr, 62 Pa. 353; Hoag
v. R. R., 85 Pa. 293; West Mahanoy v. Watson, 116 Pa. 345;
Herr v. Lebanon, 149 Pa. 222; Pass. Ry. v. Trich, 117 Pa.
390; Chartiers Twp. v. Phillips, 122 Pa. 601; Goshorn v.
Smith, 92 Pa. 435; Gillespie v. McGowan, 100 Pa. 144.

The fact that the injured person was of tender years will not
supply the want of proof of negligence on the part of the de-
fendant: Butler v. Ry., 139 Pa. 195; Randall v. Ry. Co., 139
Pa. 464; Rodgers v. Lees, 140 Pa. 475; Funk v. Electric
Traction Co., 175 Pa. 559; Fleishman v. R. R., 174 Pa. 510;
Moss v. Traction Co., 180 Pa. 389; Norristown v. Moyer, 67
Pa. 389.

Dennis Shannon, the father of the minor who was injured,
was properly nonsuited because the evidence failed to disclose
any effort on his part to fulfil the duty of protecting the child,
which he owed to it and to the public: Glassey v. Railway, 57
Pa. 172; Smith v. O'Connor, 48 Pa. 218; Railroad v. Long,
75 Pa. 257; Cauley v. Railway, 95 Pa. 398; Westerberg v.
Railroad, 142 Pa. 471; Bridge Co. v. Jackson, 114 Pa. 321;
Johnson v. Reading City Ry. Co., 160 Pa. 647; Railway v.
Pearson, 72 Pa. 169: Railroad v. James, 81* Pa. 194.

PER CURIAM, April 4, 1898 :

This appeal is from the judgment of the court below refusing to take off the nonsuit ordered at the trial.

We have carefully considered the evidence, and are all of opinion that it is insufficient to warrant the submission of plaintiff's case to a jury, and hence the court was right in refusing to take off the nonsuit.

Judgment affirmed.